ORDERED UNSEALED on 02/08/2024 s/ judepeters

SEALED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GILLERMO FIGUEROA VARGAS,<br>Defendant. | Case No.: **24-mj-0005**<br>COMPLAINT FOR VIOLATION OF:<br>Title 21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Cocaine; Title 18 U.S.C. §924(c)(1) – Possession of a Firearm During the Commission of a Drug Trafficking Crime |

The undersigned complainant being duly sworn states:

COUNT ONE

On or about December 12, 2023, within the Southern District of California, defendant GILLERMO FIGUEROA VARGAS, did knowingly and intentionally possess, with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//

//

//

//

//

COUNT TWO

On or about December 12, 2023, within the Southern District of California, defendant GILLERMO FIGUEROA VARGAS, in furtherance of a drug trafficking crime, namely possession with intent to distribute cocaine as charged in Count One, did knowingly possess a firearm, that is, a loaded Colt .380 handgun, bearing serial number MU22606, in violation of Title 18, United States Code, Section 924(c)(1).

AUSTIN L. SAILOR
SPECIAL AGENT, ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 2nd day of January 2024.

HON. DAVID D. LESHNER
UNITED STATES MAGISTRATE JUDGE

# PROBABLE CAUSE STATEMENT

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all the information known to myself or other federal agents and state and local officers regarding this investigation but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On December 12, 2023, at approximately 5:00 a.m. Deputies with the San Diego County Sheriff's Department executed a search warrant at the residence located at 755 N. Citrus Avenue in Vista, California, which is within the Southern District of California. The residence has three bedrooms and two bathrooms. During the execution of the search warrant, Deputies encountered 19 people in the residence, including 8 juveniles.

While searching one of the bedrooms, Deputies found mail, receipts, and identification cards belonging to GILLERMO VARGAS. Other individuals within the residence also identified the same bedroom as belonging to VARGAS. A search of VARGAS' bedroom revealed .380 caliber ammunition in the clothes dresser, a bag of suspected cocaine on top of the clothes dresser, a larger bag of suspected cocaine in a vacuum-sealed bag under the bed, a digital scale under the bed, a saran-wrapped package of suspected cocaine in the closet, and a heat sealer with heat sealing bags also in the closet. Due to the number of juveniles in the residence, Deputies asked VARGAS where the firearm was located, and VARGAS told depuites the firearm was in the dirty's clothes hamper. A search of the dirty clothes basket in VARGAS' bedroom—immediately next to the dresser where Deputities found .380 ammunition and cocaine– revealed a Colt .380 firearm bearing serial number MU22606. Deputies observed the Colt firearm was compatible with the ammunition magazine found in the clothes dresser in VARGAS' bedroom. A search of VARGAS revealed him to be in possession of approximately $1,652.26 in one of his front pockets.

Deputies field tested the substances seized from VARGAS' bedroom, which tested positive for the presence of cocaine. Deputies estimated the total amount of cocaine seized

during the search warrant to be approximately 1.36 kilograms (3 pounds).

Based on my training and experience, the quantity of cocaine seized from VARGAS' bedroom is a distributable quantity. In my experience, individuals involved in drug trafficking will frequently possess a firearm to protect themselves, their drugs, and proceeds from drug sales. Further, VARGAS's possession of a large amount of cash together with the presence of drug distribution paraphernalia such as digital scales, a heat sealer, and heat sealable bags is consistent with the purchase of distributable quantities of cocaine for further distribution in smaller quantities using those tools and receiving cash proceeds in return.

**REQUEST FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.